[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS #104
On October 26, 1995, the plaintiff, Litterbug, Inc. (Litterbug), filed a two count complaint against the defendants McCann Real Equities, Inc. (McCann) and Madison Square Associates, L.P. (Madison), alleging breach of contract and unjust enrichment The plaintiff's complaint alleges that McCann is a foreign corporation and Madison is a foreign partnership. McCann and Madison entered into a written contract with the plaintiff in October of 1993. The contract provides for the plaintiff to clean and sweep the common areas of the Amity Shopping Center in New Haven, Connecticut. The plaintiff has performed under the contract but the defendants refuse to pay for services rendered.
The sheriff's return indicates that on October 17, 1995, Deputy Sheriff Domenic Jannetty, "at the special direction of the Plaintiff's Attorney," left two true and attested copies of the Summons, Complaint, Statement of Amount in Demand and Exhibits at the Office of the Secretary of the State and, on the same day, mailed by certified mail, a true and attested copy thereof to: (1) McCann Real Equities Development Company, 10 Banks Street, Suite 680, White Plains, N.Y. 10606; and (2) Madison Square Associates, L.P., 10 Banks Street, Suite 680, White Plains, N.Y. 10606. Sheriff Jannetty amended his return when he received the Registry for Certified Mail (green card) indicating that, on October 20, 1995, each defendant received its certified mail.
The defendants filed a motion to dismiss the plaintiff's complaint for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process, and filed a memorandum of law, without supporting affidavits. CT Page 1331-AAAA
The plaintiff filed a memorandum of law and two affidavits in opposition to the defendants' motion. While the facts alleged in the first affidavit are not relevant to this matter, the facts alleged in the second affidavit (Attorney Ruszczyk's Affidavit) are relevant. The affidavit alleges that Attorney Ruszczyk telephoned the defendants' offices just prior to filing this lawsuit and verified that the defendants were still located at 10 Banks Street in White Plains, New York.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687 (1985). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes . . .are essential to jurisdiction over the person." IBridgeport v. Debek, 210 Conn. 175,179 (1989). The motion to dismiss admits all facts which are well pleaded, and while it must be decided upon the existing record, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may I look to their content for determination of the jurisdictional issue. Barde v. Board of Trustees, 207 Conn. 59,62, (1988).
The defendants appear to attack personal jurisdiction because the complaint does not allege facts sufficient to show that the defendants "transact business" in Connecticut as required by General Statutes § 52-59b(a). They also argue that the summons is defective because it fails to direct the sheriff to serve a person authorized by statute to receive service of process. Finally, they argue that the summons fails to cite to a long-arm statute that confers personal jurisdiction upon the court.[1]
 I
McCann argues that the court lacks personal jurisdiction because the complaint j does not allege facts sufficient to demonstrate that McCann "transacts business" in Connecticut as required by General Statutes § 52-59(a). The plaintiff argues that the complaint alleges that the parties entered into a contract to be performed in Connecticut and that such allegations are sufficient for the court to exercise personal jurisdiction pursuant to General Statutes §§ 33-411(c)(1) and 33-411(d).
General Statutes § 33-411(c)(1) states in relevant part: CT Page 1331-BBBB "Every foreign corporation shall be subject to suit in this state, . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state . . . ." (Emphasis added.) The phrase "to be performed in this state" does not "require performance in this state by the party over whom jurisdiction is sought." Bowman v. Grolsche Bierbrouwerij BV,474 F. Sup. 725, 731-32 (D.Conn. 1979). Jurisdiction is appropriate "where the contract in question clearly contemplated and required performance in this state by plaintiff . . . . " Id., 732. SeeLombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245,257 (1983). The plaintiff's complaint alleges that McCann is a foreign corporation that entered into a contract with the plaintiff providing for the plaintiff to clean and sweep a shopping center located in New Haven, Connecticut. The plaintiff's allegations that this cause of action arises out of a contract "to be performed in Connecticut" is sufficient for the court to exercise personal jurisdiction over McCann pursuant to General Statutes § 33-411(c)(1).
The defendants also argue that the summons is defective because it fails to direct the sheriff to serve a person authorized by statute to receive service of process. The plaintiff states that General Statutes § 33-411(d) authorizes service of process upon the secretary of the state. General Statutes § 33-411(d) states in relevant part: "In any action brought (1) under subsection (b) or (c) of this section . . . the secretary of the state shall be deemed theagent of the corporation in this state and service of process onsuch corporation shall be made as provided in subsection (a) ofthis section . . ." (Emphasis added). The plaintiff has brought this action under subsection (c) of General Statutes § 33-411 alleging that the parties entered into a contract to be performed in Connecticut.
General Statutes § 33-411(a) provides in pertinent part: "Any process . . . may, when timely made, be served upon such corporation by any proper officer or other person lawfully empowered to make service, as follows: (1) When the secretary of the state . . . has been appointed such corporation's agent for service of process, by leaving two true and attested copiesthereof . . . at the office of the secretary of the state. . . ." When General Statutes §§ 33-411(d) and 33-411(a) are read together it is clear that service of process upon McCann was CT Page 1331-CCCC proper. The sheriffs turn indicates that Sheriff Jannetty left two true and attested copies of the Summons, Complaint, Statement of Amount in Demand and Exhibits at the Office of the Secretary of the State. Accordingly, service of process upon McCann was proper.
Finally, McCann argues that the summons fails to cite to a long-arm statute that I confers personal jurisdiction upon this court. General Statutes § 33-411(d) does not require that the summons cite a long-arm statute.
 II
Madison argues that the court lacks personal jurisdiction because the complaint does not allege facts sufficient to show that Madison "transacts business" in Connecticut required by General Statutes § 52-59b(a). The plaintiff counters by arguing that as General statutes § 52-59b(a)(4) authorizes the court to exercise personal jurisdiction over Madison.
General statutes § 52-59b(a)(4) provides in relevant part: "As to a cause of action, arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any . . . foreign partnership . . . who in person or through an agent: . . . (4) owns, uses or possesses any real property situated within the state." The plaintiff alleges in its complaint that Madison is a foreign partnership and that Madison owns the Amity Shopping Center in New Haven, Connecticut. Since Madison has not submitted any affidavits or supporting documents that refute these allegations, the court may assume that the plaintiff's allegations are true. Barde v. Board of Trustees,207 Conn. 59, 62 (1988). Thus, the court has personal jurisdiction over Madison pursuant to General Statutes § 52-59b(a)(4).
Madison also argues that service of process was improper because the court cannot maintain personal jurisdiction over Madison. The plaintiff counters by arguing that service of process was proper pursuant to General Statutes § 52-59b(c). General Statutes § 52-59b(c) provides in relevant part: "Any . . . foreign partnership, . . . over whom a court may exercise personal jurisdiction, as provided in subsection (a),shall be deemed to have appointed the secretary of the state asits attorney and to have agreed that any process in any civil action brought against the . . . foreign partnership, . . . may be served upon the secretary of the state and shall have the same CT Page 1331-DDDD validity as if served upon the . . . foreign partnership personally. The process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary . . . a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the secretary."
The plaintiff alleges in its complaint, exhibits and supporting affidavits that its attorney directed Sheriff Jannetty to serve two true and attested copies of the summons and complaint upon the secretary of the state and to mail a copy of the Summons and complaint to 10 Banks Street, White Plains, New York. Attorney Ruszczyk verified by telephone that Madison's offices were still located at 10 Banks Street in White Plains, New York. Thus, service of process upon Madison was proper pursuant to General Statutes § 52-59b(c).
Finally, Madison argues that the summons fails to cite to a long-arm statute that confers personal jurisdiction upon this court. General statutes § 52-59b(c) does not require that the summons cite a long-arm statute.
 III
Personal jurisdiction and service or process were proper as to McCann pursuant process were proper as to Madison pursuant to General Statutes §§ 52-59b(a)(4) and 52-59b(c). Accordingly, the defendants' motion to dismiss the complaint is denied.
Samuel S. Freedman, Judge